**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES, | No.   18-10424 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00438-RCC-JR-1 |
| v. | |
| ADAM CHRISTOPHER SHEAFE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

Before:  WARDLAW and LEE, Circuit Judges, and KENNELLY,** District Judge.

A jury convicted Adam Christopher Sheafe of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, two counts of bank fraud in violation of 18 U.S.C. § 1344, and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.  Sheafe appeals the district court's refusal to

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

dismiss his indictment with prejudice due to an alleged violation of the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. app. 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the United States obtained custody of Sheafe from the State of Nevada pursuant to a writ of habeas corpus *ad prosequendum*, the IAD did not apply to the federal proceedings against him. *United States v. Mauro*, 436 U.S. 340, 361 (1978). Nor did the detainer lodged by the State of Arizona on unrelated charges trigger the IAD with respect to the United States. *See* 18 U.S.C. app. 2 § 2, art. IV(a) (an officer of a receiving State "shall be entitled to have a prisoner against whom *he* has lodged a detainer and who is serving a term of imprisonment in any party State . . . ." (emphasis added)); *id.* § 2, art. V(d) (temporary custody "shall be only for the purpose of permitting prosecution on the charge or charges . . . which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction"); *Mauro*, 436 U.S. at 359–62 (explaining the rationale for the IAD's application to detainers and not to writs of habeas corpus *ad prosequendum*).

Accordingly, the district court correctly denied Sheafe's motion to dismiss the indictment based on an alleged violation of the IAD.

**AFFIRMED.**